FILED
2009 Sep-21 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**JASPER DIVISION**

| | | |
|---|---|---|
| **CANDACE SELLERS; MARK PARMLEY; PAUL PARMLEY; ESTATE OF JOHN PARMLEY,** | } | |
| **Plaintiffs,** | } | **CASE NO. CV 09-B-0131-J** |
| **vs.** | } | |
| **MODERN WOODMEN OF AMERICA; E.B. PINKERTON,** | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on plaintiffs' Motion to Remand, (doc. 7),[1] and separate Motions to Dismiss filed by defendants Modern Woodmen of America, (doc. 3), and E.B. Pinkerton, (doc. 4). Based on the submissions of the parties, the arguments of counsel, and for the reasons stated below, the court finds plaintiffs' Motion to Remand is due to be denied. Defendant E.B. Pinkerton's Motion to Dismiss and defendant Modern Woodmen of America's Motion to Dismiss are due to be granted.

## I. CASE OVERVIEW

Plaintiffs are the children and named beneficiaries of an insurance policy defendant Modern Woodmen of America ("Modern Woodmen") issued to John Parmley (the "decedent"), who is now deceased. (Doc. 1, Ex. A, Complaint, p. 2.) The complaint

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

also states claims on behalf of the Estate of John Parmley. (Doc. 1, Ex. A.) Plainitffs filed suit against Modern Woodmen and E.B. Pinkerton ("Pinkerton") in the Circuit Court of Marion County, Alabama after Modern Woodmen refused to pay out the death benefit allegedly due on the policy. (Doc. 1, Ex. A, Complaint.)

Modern Woodmen removed the case to this court on January 22, 2009. (Doc. 1.) In its Notice of Removal, Modern Woodmen stated that defendant E.B. Pinkerton was fraudulently joined to defeat diversity of citizenship between plaintiffs and defendants. (Doc. 1, p. 3-6.) Plaintiffs Candace Sellers, Mark Parmley, and Paul Parmley moved to remand the case due to a lack of complete diversity among the parties. (Doc. 7.)

Modern Woodmen has moved to dismiss counts two through four of the Complaint, (doc. 3), which allege bad faith and a breach of the duty of good faith and fair dealing, (doc. 1, ex. A, Complaint at pp. 6-7), negligence (doc. 1, ex. A, Complaint at pp. 8-10), and fraudulent misrepresentation, (doc. 1, Ex. A., Complaint at pp. 10-11). Pinkerton has moved for dismissal of all claims against him. (Doc. 4.)

## II. FACTUAL SUMMARY[2]

There is no dispute among the parties that plaintiffs are citizens of the state of Alabama. (Doc. 1, p. 2 & Ex. A.) The parties agree that defendant Pinkerton is a citizen of the state of Alabama and defendant Modern Woodmen is a citizen of the state of

[2]The facts are drawn in the light most favorable to plaintiffs. In its removal notice, (doc. 1.), Modern Woodmen does not contest the facts as stated in Plaintiffs' complaint; however, it disputes the viability of the claims against Pinkerton.

Illinois. (Doc. 1, p. 3 at ¶¶ 11 & 12; *id.*, Ex. A, Complaint at ¶¶ 2 & 3.) It is also undisputed that the death benefit at issue exceeds $75,000. (Doc. 1, p. 3 at ¶ 13.)

In September 1986, Modern Woodmen issued a life insurance policy to the decedent which provided for death benefit coverage should he die. (Doc. 1, Ex. A, Complaint, ¶ 7.) The policy required premiums to be paid on an annual basis. (*Id.*) Modern Woodmen agreed to provide additional service with the policy, which included reviewing the decedent's policy with him on a yearly basis to determine whether his insurance needs were being met. (Doc. 1, Ex. A, Complaint, ¶ 8.)

Betty Morris ("Morris"), an agent of Modern Woodmen, initially provided the service until an injury she suffered in an accident forced her to cease work. (Doc. 1, Ex. A, Complaint, ¶ 9.) She requested that the decedent's policy be assigned to a new agent for service, twice contacting agents of Modern Woodmen on the decedent's behalf. (Doc. 1, Ex. A, Complaint, ¶¶ 9 & 14.) The agents that Morris called never contacted the decedent about his policy or investigated whether he needed service. (Doc. 1, Ex. A, Complaint, ¶ 14.)

The policy contained a "Waiver of Monthly Deductions Rider," in which Modern Woodmen agreed to waive the monthly premiums for the policy in the event that the insured became disabled. (Doc. 1, Ex. A, Complaint, ¶¶ 10 & 11.) Prior to his death, the decedent suffered from a variety of ailments that plaintiffs contend rendered him disabled under the terms of the policy such that his monthly premium payments should have been

waived. (Doc. 1, Ex. A, Complaint, ¶ 12.) The decedent retired in April 1999 as a result of his debilitating condition. (*Id.*)

The decedent repeatedly sought assistance from Modern Woodmen to request a review of his policy, but Modern Woodmen did not respond to the request until after his death. (Doc. 1, Ex. A, Complaint, ¶ 13.) Morris spoke with defendant E.B. Pinkerton in 2001, informing him of the decedent's need to speak with someone about his policy. (Doc. 1, Ex. A, Complaint, ¶ 15.) Pinkerton was a District Manager for Modern Woodmen at the time, and he informed Morris that he would contact the decedent. (*Id.*) However, Pinkerton never contacted the decedent about his policy. (*Id.*)

Sometime in the latter part of 2003, the decedent informed Morris that he had yet to be contacted by Modern Woodmen about his policy. (Doc. 1, Ex. A, Complaint, ¶ 16.) Again, Morris contacted Pinkerton, and again, Pinkerton did not get in touch with the decedent. (*Id.*) According to plaintiffs, had such contact been made and service provided, "it would have been ascertained that [the decedent] needed to invoke the waiver of premium disability provision." (*Id.*)

On July 1, 2005, the decedent's insurance policy expired without value because Modern Woodmen had not received premium payments. (Doc. 1, Ex. A, Complaint, ¶ 17.) Plaintiffs were unaware of the policy's expiration on that date. (*Id.*) On July 17, 2005, the decedent suffered a heart attack and died. (Doc. 1, Ex. A, Complaint, ¶ 18.) Shortly after his death, plaintiffs requested that Modern Woodmen pay the death benefit

to them as named beneficiaries under the policy; Modern Woodmen refused. (Doc. 1, Ex. A, Complaint, ¶¶ 19 & 20.) As of September 1, 2004, the death benefit totaled $97,073.00. (Doc. 1, ¶ 13.)

## III. MOTION TO REMAND

### A. LEGAL STANDARD – MOTION TO REMAND

Pursuant to 28 U.S.C. § 1441(a) (1994), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). When, as here, the jurisdictional question is whether there is diversity of citizenship between the parties, "federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'–the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). "If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." *Am. Tobacco*, 168 F.3d at 410.

On the other hand, remand is mandatory when jurisdiction has not been established. 28 U.S.C. § 1447(c); *Am. Tobacco*, 168 F.3d at 410 (citing *Int'l Primate Prot. League v. Admin'rs of Tulane Educ. Fund,* 500 U.S. 72, 87-89 (1991)). Moreover, a

federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court. *Am. Tobacco*, 168 F.3d at 410. Ruling on a motion to remand, therefore, necessarily precedes ruling on a motion to dismiss. *See, e. g., Nichols v. S.E. Health Plan of Ala., Inc.,* 859 F. Supp. 553, 559 (S.D. Ala.1993)

Where jurisdiction is based upon diversity, a non-diverse defendant who is fraudulently joined does not defeat diversity because his citizenship is excluded from the diversity calculus. *Kimbrough v. Dial,* No. 06-0585-WS-C, 2006 WL 3627102 at *2 (S.D. Ala. 2006) "[F]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against a resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). The removing party's burden is a heavy one. *Id*. (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any

affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (alteration omitted). The court thus resolves claims of fraudulent joinder in a manner similar to evaluating summary judgment motions, requiring that all factual disputes be resolved in favor of the plaintiff. *Id*. at 1322-23. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, [the court] must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)) (quotation omitted).

**B. DISCUSSION**

To determine whether remand is appropriate in this case, the court need only consider whether plaintiffs' allegation of negligence against Pinkerton is a potentially viable claim. Modern Woodmen does not allege that plaintiffs have fraudulently pled facts; instead it claims that there is no possibility that plaintiffs could maintain a claim against Pinkerton. (Doc. 1, pp. 5-6.) Plaintiffs have conceded that all other claims against Pinkerton should be dismissed, (doc. 8, p. 6), and negligence is the only claim addressed in their Motion to Remand, (doc. 7).

Modern Woodmen argues that the negligence claim raised on behalf of the decedent is barred by Alabama's survival statute; the negligence claim raised by plaintiffs, as named beneficiaries, fails as well because neither an insurer nor its agents

owes a duty to potential beneficiaries to service an account; and, even assuming that such a duty existed, the alleged breaches are barred by the two-year statute of limitations. (Doc. 1, pp. 5-6.)

In response, plaintiffs moved to remand the case to state court. (Doc. 7.) They argue that they have filed a viable cause of action against Pinkerton such that there is a possibility that they will prevail against him. (Doc. 7, p. 15.) Plaintiffs claim that: Pinkerton assumed the position of agent for the policy issued to the decedent; as agent he had an obligation to service the policy with reasonable skill and care; he failed to exercise reasonable skill and care; plaintiffs as beneficiaries of the policy may assert a negligence claim against Pinkerton after being denied the policy's death benefits; and their negligence claim is timely because it was filed within two years of the denial of the death benefit. (Doc. 7, pp. 15-16.)

Specifically, Plaintiffs allege that Pinkerton owed and breached a duty to the decedent and to plaintiffs by, first, failing to contact or otherwise correspond with the decedent after being advised of the need to do so, and second, by failing to provide appropriate service to the decedent after voluntarily assuming a duty to do so. (Doc. 8, p. 11.)

**Duty**

With respect to duty, plaintiffs' reliance on *Hawk v. Roger Watts Ins. Agency*, 989 So. 2d 584 (Ala. Civ. App. 2008) is misplaced. (*See* doc. 7, Motion to Remand, p. 14.)

*Hawk* dealt with the failure of an agent to procure insurance for a customer, not an allegation of a failure to service.[3] *See Hawk*, 989 So. 2d at 590. In that context, the *Hawk* court stated that "[w]hen an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom." *Hawk*, 989 So. 2d at 590 (quoting *Crump v. Greer Bros.*, 336 So. 2d 1091, 1093 (Ala. 1976). In this case, there is neither an allegation nor any evidence that Pinkerton, "with a view to compensation, under[took] to procure insurance for" the decedent. *See id*. Plaintiffs cite no authority for the proposition that an agent's failure to provide service to an insured, by itself, can support a cause of action for negligence.

**Statute of Limitations**

Even assuming a duty exists, Plaitiffs' claim against Pinkerton is time-barred. The statute of limitations applicable to a negligence claim is two years. Ala. Code. § 6-2-38 (1975). "Alabama has no discovery rule that would operate to toll the running of the limitations period." *Boyce v. Cassese*, 941 So. 2d 932, 946 n.2 (Ala. 2006); *See* Ala. Code § 6-2-38. The parties do not dispute that, on August 3, 2005, Modern Woodmen informed plaintiff beneficiary Paul Parmley by letter that no death benefits were available because the certificate had lapsed. (Doc. 3, Ex. B.) In response to further inquiries by

[3] Plaintiff's reliance on *BBCGH Partners I v. Scott, Carper, & Aman, Inc.* 761 So. 2d 255 (Ala. Civ. App. 1999), is unavailing for the same reason. *See id*. at 257 ("Although the broker does not have to assume the duty of procuring a policy, when he does so he must exercise ordinary care in performing the duty.").

plaintiffs Paul Parmley and Candace Sellers, Modern Woodmen twice addressed, on January 24, 2006, and on November 15, 2006, the lapsed certificate and the failure of the decedent to invoke the waiver of policy premiums with proof of disability. (*Id.*, Ex. C.) Plaintiffs filed their complaint on December 11, 2008, more than two years past the issuance of three notices of denial by Modern Woodmen. (Doc. 1, Ex. A, Complaint.) Plaintiffs acknowledge that "the statute of limitations begins to run at the time when the claim is deemed 'denied.'" (Doc. 7, p.22.) Modern Woodmen argues that the alleged negligent failure to service the decedent triggered the limitations period prior to the death of John Parmley. (Doc. 1 at ¶ 18.)

"When a claim accrues, for statute-of-limitations purposes, is a question of law if the facts are undisputed and the evidence warrants but one conclusion." *Kindred v. Burlington N. R.R. Co.*, 742 So. 2d 155, 157 (Ala. 1999). Plaintiffs contend, however, that *Jones v. Alfa*, 1 So. 3d 23 (Ala. 2008), a cause of action for bad-faith, is factually analogous and directs that a jury determination of the issue is proper. *See id.* (reversing summary judgment in favor of defendant insurance company where fact questions related to date of denial of coverage remained). Plaintiffs point out that on May 14, 2008, David Martin, acting on their behalf, supplied Modern Woodmen with medical documents evidencing the decedent's alleged disability, (doc. 7, Ex. 1, Aff. Martin), and defendant shortly thereafter invited further submissions "for consideration." (*Id.*, & Ex. 3.) By letter, dated September 12, 2008, Modern Woodmen informed Martin that its "position

remains that no death benefit is payable under the certificate." (Doc. 7, Ex. 4.) Plaintiffs assert that September 12, 2008 marks the event of denial by Modern Woodmen and thus the complaint was timely filed. (Doc. 7, p. 24.)

Plaintiffs overlook that *Jones* turned on whether the plaintiffs "would have or should have known facts that would reasonably lead them to discover a denial." *See Jones*, 1 So. 3d at 31. The *Jones* court determined that the insurance company did not explicitly state a denial of policy benefits, and subsequent actions by the insurance company "could have led the [plaintiffs] to doubt whether the claim had been denied." *Id.* In this case, Modern Woodmen's initial communications with plaintiffs unequivocally denied benefits; therefore, plaintiffs fail in their argument that Mr. Martin's further communication with Modern Woodmen tolled the limitations period. Construing all facts in their favor, plaintiffs actually became aware facts sufficient to provide notice of the denial of death benefits on August 3, 2005, thus plaintiffs' negligence claim against Pinkerton is time barred.

**Conclusion**

Because the court concludes that there is no possibility that a state court would find that Pinkerton owed and breached a duty to plaintiffs, or that plaintiffs' negligence claim was timely filed, the court finds that Pinkerton was fraudulently joined and plaintiffs' Motion to Remand is due to be denied.

## IV. MOTIONS TO DISMISS

### A. LEGAL STANDARD–MOTION TO DISMISS

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.,* 901 F.2d 1571, 1573 (11th Cir.1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).[4] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570.

---

[4]In *Bell Atlantic Corp. v. Twombly,* the United States Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which was set forth in *Conley v. Gibson. See Twombly,* 550 U.S. at 561 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. The "decision in *Twombly* expounded the pleading standard for 'all civil actions.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).

When considering a motion to dismiss, all facts set forth in plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

**B. DISCUSSION**

**Pinkerton**

Defendant Pinkerton moved to dismiss all claims against him on the grounds that the complaint fails to state a cause action upon which relief can be granted. (Doc. 4.) Plaintiffs concede that as to Pinkerton Counts One, Two, and Four of the four count complaint should be dismissed. (Doc. 8, p.6.) Because the court finds that plaintiffs fraudulently joined Pinkerton to the action, the remaining count, negligence, must be dismissed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

(requiring that, upon a finding of fraudulent joinder, "federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court"). Pinkerton's Motion to Dismiss is due to be granted.

**Modern Woodmen**

Defendant Modern Woodmen moved to dismiss Counts Two, Three, and Four of the Complaint for failure to state a claim upon which relief can be granted. (Doc. 3, p. 2.) Count One, a contract claim, is not challenged. Modern Woodmen asserts that claims by the Estate of John Parmley should be dismissed because: (1) the non-contract claims are barred by Alabama's survival statute, Ala. Code § 6-5-462; and (2) the personal representative of the estate, Tabbie Ann Arnold, is not a party plaintiff. (Doc. 3, p. 2 & Ex. A.) Plaintiffs consent to the dismissal of "challenged claims"[5] brought by the Estate of John Parmley. (Doc. 8, p. 5.) Plaintiffs, Candace Sellers, Mark Parmley, and Paul Parmley, as named beneficiaries, consent to the dismissal of Count Four, a fraud claim. (*Id.*) Therefore, the only claims to be resolved on Modern Woodmen's motion are named beneficiaries' bad faith and negligence claims, Counts Two and Three, respectively.

**Count Two: Bad Faith**

A tort claim for bad-faith failure to pay an insurance claim "arises from an insurer's intentional refusal to settle a direct claim where there is either (1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) intentional failure

---

[5]The court understand from plaintiffs' consent language that Count One, not challenged in defendant's Motion to Dismiss, remains pending as to the Estate.

to determine whether or not there was any lawful basis for such refusal." *Bush v. Ford Life Ins. Co.*, 682 So. 2d 46, 48 (Ala. 1996) (quotations omitted). In its Motion to Dismiss, Modern Woodmen makes no argument related to the merits of the claim.

In support of its Motion to Dismiss, Modern Woodmen argues that this claim is time-barred. (Doc. 3. p. 2; doc. 11, p. 2.) The parties agree that the applicable statute of limitations for a bad faith claim is two years. *See McLeod v. Life of the South Ins. Co.*, 703 So. 2d 362, 364 (Ala. Civ. App. 1996) ("The statutory limitations period for bad faith claims . . . is two years.") (citing *ALFA Mut. Ins. Co. v. Smith*, 540 So. 2d 691, 692-93 (Ala. 1988)). They disagree, however, when that period began to run in this case.

Modern Woodmen argues, as did Pinkerton, that the claim was denied on August 3, 2005, when it sent plaintiffs a notification letter which stated "there are no death benefits payable."[6] (Doc. 11, pp. 2 & 3; Doc. 3, Ex. B.) By Modern Woodmen's calculations, the statute of limitations for plaintiffs' bad faith claim thus would have expired on August 3, 2007, and plaintiffs did not file this suit until December 11, 2008.

---

[6] Although the series of letters Modern Woodmen attached to its Motion to Dismiss are outside the pleadings, (doc. 3, Exs. B & C.), Modern Woodmen claims that the court may consider them without converting its motion to dismiss into a motion for summary judgment because the letters' authenticity is undisputed. (Doc. 11, p. 2..) The Eleventh Circuit follows the "'incorporation by reference' doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citation omitted). A document is undisputed in this context if its authenticity is not challenged. *Id*. In this particular case, the authenticity of the letters has not been challenged, and Modern Woodmen's denial of benefits and accompanying reasons, contained in the letters, are central to plaintiffs' claim of bad faith. (Doc. 1, ¶ 32.)

Plaintiffs contend that, for statute of limitation purposes, the two-year period should run from the date of the last letter Modern Woodmen sent denying the death benefit claim, which is dated September 12, 2008. (Doc. 8, p. 13; doc. 7, Ex. C.) As support, Plaintiffs rely upon *McLeod v. Life of the South Ins. Co.*, 703 So. 2d 362 (Ala. Civ. App. 1996).[7] (Doc. 8, pp. 15-16.) Plaintiffs' reliance upon *McLeod* is unavailing. In *McLeod*, the defendant insurer never sent the insureds a copy of the insurance policy, which contained an incontestability clause. *Id.* at 363. It was the existence of that clause which suggested that the claim had been denied in bad faith, and the plaintiffs did not learn of the existence of the clause until two years and nine months after the claim denial letter. *Id.* at 364. Reversing summary judgment in favor of the insured, the *McLeod* court held that "whether a reasonable person would have investigated further, obtained a copy of the policy, and discovered the existence of [the clause]" was a question for the jury. *Id.* at 368. Unlike the situation in *McLeod*, in this case Plaintiffs were provided key policy provisions. Modern Woodmen enclosed a copy of the Waiver of Monthly Deduction Rider in its letter directed to Paul Parmley on January 24, 2006, within the statute of limitations period. (Doc. 3, Ex. C.) Therefore, plaintiffs bad faith claim is barred by the statute of limitations.

**Count Three: Negligence**

---

[7]Plaintiffs also relied upon *Jones,* discussed *supra* at § III(B)(b).

In support of its Motion to Dismiss, Modern Woodmen argues that plaintiffs' negligence claim fails for two reasons. First, it is time barred, and second, neither an insurer nor its agents has a duty to potential beneficiaries to service an insurance policy prior to an insured's death. (Doc. 11, p. 2.) Negligence actions have a two year statute of limitations in Alabama. *See* Ala. Code § 6-2-38 (1975). A cause of action for negligence accrues when the plaintiff actually suffers injury or loss. *Gilmore v. M & B Realty Co., L.L.C.*, 895 So. 2d 200, 208 (Ala. 2004); *see also Ex parte Stonebrook Development, L.L.C.*, 854 So. 2d 584, 589 (Ala. 2003) ("non-contract causes of action accrue only when the plaintiff actually suffers injury or loss").

Modern Woodmen argues that the statute of limitations on plaintiffs' negligence claims should begin to run from the date on which he became disabled and his insurance premiums were not waived, sometime in 1999, or alternatively, that the statute of limitations with respect to plaintiffs' negligence claim should begin to run from August 3, 2005, at the latest. (Doc. 11, pp. 7-8.) The alternative position is the correct one. At least in cases involving negligent procurement of insurance, a "cause of action accrues when a loss triggering liability under the lapsed policy occurs." *Weninegar v. S.S. Steele & Co.*, 477 So. 2d 949, 956 (Ala. 1985). In this particular case, that loss was the denial of death benefits and not the failure to waive the decedent's monthly premiums. *See id*. (no legal injury occurred until plaintiff's house was flooded and the insurer refused to cover the loss); *see also Bush v. Ford Life Ins. Co.*, 682 So. 2d 46, 47- 48 (Ala. 1996) (liability was triggered under the policy only after the death of the insured and the insurance

company's refusal to honor the beneficiary's claim). The denial of benefits in this case occurred on August 3, 2005.

Even assuming that plaintiffs initiated this action within the statutory period, Modern Woodmen owed no duty to the policy's beneficiaries to service the policy. *See Meyerson v. New Idea Hosiery Co.*, 115 So. 94, 97-98 (Ala. 1927) (plaintiff beneficiary alleged "negligence of the defendant in allowing the insurance to lapse without first giving notice to the plaintiff or her husband, the assured," but the court held that "the failure to give such notice was negligence–but for such negligence it was not liable to the plaintiff"); *Royal Neighbors of Am. V. Fortenberry*, 107 So. 2d 846, 848-49 (Ala. 1926) (determining that right of action for negligence "is in the insured or her personal representative, and not in the beneficiary"); *Gillian v. Federated Guaranty Life Ins. Co.*, 447 So. 2d 668 (Ala. 1984) (confirming that *Royal Neighbors* supports that a beneficiary named in a pending insurance application does not have a cause of action against the insurance company for negligently processing the application). No cases support the Plaintiffs' position that Modern Woodmen owed a duty to the beneficiaries.

Plaintiffs also contend that duty is a mixed question of fact and law and therefore dismissal prior to discovery is improper. (Doc. 8, p.18.) They cite as authority, *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 839 (Ala. 1998) ("[T]he existence of a duty is a question of law to be determined by the trial judge."). However, the Supreme Court of Alabama recognized in *Owen* that although determining the existence of a duty requires an examination of the facts of the case, that analysis is not a jury question:

> [T]he concept of duty does not exist in a vacuum. It requires a relationship between two or more parties, a relationship that can be shown only through a history of contacts, conversations, and circumstances. Determining whether there is a duty necessarily requires analyzing the factual background of the case. In that sense, whether a duty exists is a mixed question of law and fact. Nevertheless, duty analysis does not become a jury function simply because fact questions are implicated in the analysis.

*Id*. at 839. To determine the existence of a duty on summary judgment, "[t]he judge should decide whether, assuming as truth all of the plaintiff's factual assertions, they are sufficient to give rise to a legal duty. If, even presuming that all of the plaintiff's facts are true, the judge determines that, as a matter of law, no duty was owed, then a summary judgment or a directed verdict is appropriate." *Id*. at 840. Although *Owen* addressed the court's role at the summary judgment stage, the standard for determining the existence of a duty is equally applicable to defendant's Motion to Dismiss.

In this case, Modern Woodmen sold the insurance policy to the decedent and had no contact with the beneficiaries prior to the insured's death. Alabama negligence law does not recognize a duty to beneficiaries on these facts.

## V. CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiffs' Motion to Remand, (doc. 7), is due to be denied. Defendant E.B. Pinkerton's Motion to dismiss, (doc. 4), is due to be granted as to all claims. Defendant Modern Woodmen's Motion to Dismiss, (doc. 3), is due to be granted as to Counts Two, Three, and Four of the Complaint. Count One, a contract claim, asserted by plaintiffs, as individual named beneficiaries and on behalf of the estate of John Parmley, remains pending against

defendant Modern Woodmen. An order will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 21st day of September, 2009.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE