FILED
 2010 Jun-30  AM 10:56
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| CANDACE SELLERS; MARK PARMLEY; PAUL PARMLEY; ESTATE OF JOHN PARMLEY, | }<br>}<br>}<br>} |
| Plaintiffs, | }<br>} |
| vs. | }  CASE NO. 6:09-cv-0131-SLB<br>} |
| MODERN WOODMEN OF AMERICA, | }<br>}<br>} |
| Defendant. | } |

## MEMORANDUM OPINION

This case is presently before the court on defendant's Motion for Summary Judgment, (doc. 21)[1] and plaintiffs' Rule 56(f) Motion With Affidavit, (doc. 24). Plaintiffs – the children and named beneficiaries of John W. Parmley, deceased, and the Estate of John Parmley – have sued defendant – Modern Woodmen of America[2] – to recover death benefits allegedly due under the terms of decedent's policy of life insurance. Defendant filed a Motion for Summary Judgment; in response, plaintiffs filed a Motion pursuant to Fed. R. Civ. P. 56(f), asking the court to withhold ruling on the Motion for Summary Judgment until plaintiffs have the opportunity to conduct discovery.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Plaintiffs also brought claims against Agent E.B. Pinkerton for breach of contract and negligence related to Pinkerton's failure to perform annual servicing of decedent's policy of insurance. (Doc. 1, Ex. A at ¶¶ 26, 37.) On defendants' motion, (doc. 4), all claims against Pinkerton were dismissed, (doc. 15).

Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiffs' Rule 56(f) Motion, (doc. 24), is due to be denied.  Notwithstanding, the court will allow plaintiffs to respond to defendant's Motion for Summary Judgment, (doc. 21).

## I.  FEDERAL RULE OF CIVIL PROCEDURE 56(f)

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> 1. deny the motion;
>
> 2. order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> 3. issue any other just order.

Fed. R. Civ. P. 56(f).  Under Subsection (f), "a party, who has no specific material contradicting the movant's presentation, may survive a motion for summary judgment if he presents valid reasons justifying his failure of proof." *Florida Power & Light Co. v. Allis Chalmers*, 893 F.2d 1313, 1316 (11th Cir. 1990) (citation omitted).  The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 527 (11th Cir. 1983) (citations and internal quotations omitted).

The nonmovant also "bears the burden of calling to the district court's attention any outstanding discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.* 862 F.2d 841, 844 (11th Cir. 1989) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 871 (11th Cir.1988)).

"Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party."  *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir.1998); *see also Reflectone, Inc.*, 862 F.2d at 844 (noting that "Rule 56(f) is infused with a spirit of liberality").  "If the court is satisfied that the non-movant has justified its request for discovery, the court may deny the summary judgment motion, without prejudice, or may simply order a continuance." *Florida Power & Light* Co., 893 F.2d at 1316 (citation omitted).

## II  CASE OVERVIEW[3]

On September 1, 1986, Modern Woodmen issued a Certificate of Insurance ("Certificate") on the life of John Parmley, deceased.  (Doc. 22-3, pp. 6-17.)  Included as a rider to the Certificate was a Waiver of Monthly Deductions Rider ("Waiver") which provided that, in the event that the insured should become totally disabled, Modern

---

[3] The court has primarily drawn the facts from the plaintiffs' Complaint, (doc. 1, pp. 13-24), and the contract documents consisting of the insurance Certificate, (doc. 22-3, pp. 6-17), and Waiver of Monthly Deduction Rider, (*id.*, pp. 20).  Some of "the facts" herein may later be disputed by plaintiffs in their submission in opposition to defendant's Motion for Summary Judgment.

3

Woodmen agreed to waive the monthly premium deductions from the Certificate. (*Id.*, p. 18.) The Waiver defined "total disability" as a disability which "[r]esults from bodily injury or disease," that "[p]revents the Insured from engaging in an occupation for wage or profit," and which "[h]as been continuous for at least six months." (*Id.*) The Waiver expressly requires timely proof of disability as follows:

> **PROOF OF DISABILITY.** Before any Monthly Deductions will be waived, proof of total disability must be received by the Society at its Home Office:
>
> 1) During the lifetime of the insured;
> 2) During the continuance of total disability; and
> 3) Within one year after the expiry date for this rider.

(*Id.*) The Waiver also provides that "[f]ailure to give such timely proof will not cause any claim to be reduced if it is shown that such proof was given as soon as it was reasonably possible." (*Id.*)

Under the "General Provisions" of the Certificate, Modern Woodmen is obligated to provide its insured with an annual report, which shows, among other things, the current cash value, current death benefit, and current certificate loans. (*Id.*, p. 16.) The provision also states: "If it is known, based on guaranteed assumptions and no further premium payments, that the certificate will terminate before the next annual report, a notice to that effect will be given in the report." (*Id.*) Each year, Modern Woodmen sent Mr. Parmley an Annual Report which, among other things, listed, as available benefits, the death benefit and the Waiver of Monthly Deductions. (Doc. 22-3, p.3 at ¶ 3, Aff. Gackle & p.

4

28, Ex. B.)  The Report also contained information as to when the Certificate would expire based on, guaranteed and illustrated, interest rates and insurance costs if no additional premium payments were made.  (*Id.*)  According to Modern Woodmen, Mr. Parmley made his last premium payment in August 1996.  (*Id.*, p.3 at ¶ 4.)  The Certificate went into a grace period on May 1, 2005, and Modern Woodmen sent a Termination Notice to Mr. Parmley which effectively advised him that the Certificate would expire on July 1, 2005 if premium payments were not made by the insured.  (Doc. 22-3, p. 30.)

Mr. Parmley died on July 17, 2005 as a result of a heart attack.  (Doc. 1, Ex. A at ¶ 18.)  Prior to his death, Mr. Parmley suffered from depression, coronary artery disease, (which necessitated heart by-pass surgery in 2003), and other medical problems.  (*Id.* at ¶ 12; Doc. 7-3, pp. 25-77, medical records.)  On or around April 1999, Mr. Parmley retired early because of his debilitating condition.  (Doc. 1, Ex. A at ¶ 12.)  Modern Woodmen did not receive any proof of Mr. Parmley's alleged total disability during his lifetime.  (Doc. 22 at ¶ 13.)

Shortly after Mr. Parmley's death, the plaintiffs requested that Modern Woodmen tender the benefits payable to them as named beneficiaries under the policy.  (Doc. 1, Ex. A at ¶ 19.)  Modern Woodmen has made no payment of death benefits.  (*Id.* at ¶ 20.)

### III.  DISCUSSION

In their Rule 56(f) Motion, plaintiffs "seek a continuance until they have completed the discovery process."  (Doc. 24 at ¶ 9.)  The court notes that defendant's

Motion for Summary Judgment was filed on March 19, 2010, more than four months *before* the close of discovery (August 2, 1010), set forth in the court's Scheduling Order, (doc. 19).  On March 24, 2010, plaintiffs' counsel sought defendant's cooperation in both continuing its summary judgment motion and scheduling the deposition of Ms. Judy Gackle, Manager of Modern Woodmen's Claims Department.[4]  (Doc. 24-4, Ex. D.)  On March 31, 2010, plaintiffs noticed the deposition of Ms. Gackle, at a time and place to be announced.  (Doc. 24-5, Ex. E.)

As an initial matter, the court is not required to wait until discovery is complete before ruling on a summary judgment motion.  *Florida Power and Light Co.*, 893 F.2d at 1316 (recognizing both the valuable role of summary judgment and the commitment of discovery issues to the sound discretion of the trial judge).  However, the Eleventh Circuit cautions that "[b]efore entering summary judgment the district court must ensure that the parties have an *adequate* opportunity for discovery." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added).  Here, plaintiffs have not delayed discovery.  As noted above, defendant filed its Motion for Summary Judgment four months before

---

[4] Plaintiffs contend that Modern Woodmen did not timely provide its Rule 26 disclosures, in compliance with the court's Scheduling Order, and named Ms. Gackle, as an employee with knowledge, just two months before filing its summary judgment motion. (Doc. 24 at 3-7.)  In response, Modern Woodmen points out that plaintiffs knew of Ms. Gackle even before filing suit, as evidenced by their extensive pre-suit correspondence with Modern Woodmen.  (Doc. 25 at ¶ 10 [citing Doc. 3, Exs. B & C, Motion to Dismiss].)  Under Rule 56(f), plaintiffs must justify their failure of proof *and* demonstrate how the desired discovery will aid them in their defense against summary judgement.  *Wallace*, 703 F.2d at 527.  Even assuming plaintiffs were hindered in their discovery efforts by defendant's late disclosure of named individuals "likely to have discoverable information," plaintiffs' burden under Rule 56(f) requires more.  *Id.*; s*ee* Fed. R. Civ. P. 26(a)(1)(A)(i).

the deadline set for completion of discovery in the court's 16(b) Order.

Nevertheless, plaintiffs have not demonstrated how postponement of the court's ruling on summary judgment will allow plaintiffs, by requested discovery or otherwise, to defend against the motion. *Wallace*, 703 F.2d at 527. First, plaintiffs contend that Ms. Gackle "can provide relevant testimony regarding the Policy language, [and] the Waiver of Monthly Deductions Rider language." (Doc. 24 at ¶ 16.) Modern Woodmen responds that the "language of the Certificate and the Waiver is plain and unambiguous such that there is no need for testimony regarding its meaning." (Doc. 25 at ¶ 8.) The court agrees.

Whether an agreement is ambiguous is a question of law for the trial court. *Wimpee v. Wimpee,* 641 So.2d 287, 288 (Ala. Civ. App. 1994). "Where the language of the contract is plain and unambiguous, there is no room for construction and it is the duty of the court to enforce it as written." *All States Life Ins. Co. v. Steward*, 5 So. 2d 784, 786 (Ala. 1942). The language contained in Modern Woodmen's Waiver unequivocally states, as a condition precedent, a requirement that the insured timely submit proof of total disability before Modern Woodmen is obligated to waive the deduction of policy premium payments from the Certificate. Therefore, testimony by Ms. Gackle, related to Certificate or Waiver language, would not provide the basis for creating a question of fact sufficient to defend against Modern Woodmen's Motion for Summary Judgment.

Second, plaintiffs state that Ms. Gackle possesses relevant knowledge regarding the claim department's receipt of medical records concerning Mr. Parmley's disability, and "whether such disability triggers application of the waiver." (Doc. 24 at ¶ 16.) The

key inquiries related to the Waiver are proof of disability and the timely submission of such proof. It is undisputed that Mr. Parmley failed to provide Modern Woodmen with proof of his alleged disability during his lifetime. As an exception to the timely notice requirement, the Waiver provides that proof may be given "as soon as was reasonably possible." (Doc. 22-3, p. 18.) However, as a matter of law, three years has been determined to fall outside such an exception. *Steward*, 5 So. 2d at 788 (noting that proof was "not furnished within a reasonable time as a matter of law" where the insurer was not furnished with proof of disability until after insured's death, which was more than three years since the date his alleged disability began).[5]

In this case, Modern Woodmen notified plaintiffs, by way of a letter to plaintiff Paul Parmley, dated August 3, 2005, that no death benefits were payable under the Certificate. (Doc. 1, p. 86.) In turn, plaintiffs waited almost three years before submitting medical records, on May 14, 2008, in an attempt to prove Mr. Parmley's total disability during the period immediately preceding his death.[6] (Doc. 24 at ¶ 14; Doc. 7-1,

---

[5] "Alabama law holds that the law of the state where the insurance policy was delivered to the insured controls the interpretation of the insurance contract." *Travelers Indem. Co. v. General Star Indem. Co.,* 157 F.Supp.2d 1273, 1285 (S.D. Ala.,2001) (citing *Ferris v. Jennings,* 851 F. Supp. 418, 421-22 (M.D. Ala. 1993); *Ailey v. Nationwide Mut. Ins. Co.,* 570 So. 2d 598 (Ala.1990)).

[6] The court rejects plaintiffs' argument that because Modern Woodmen invited additional medical evidentiary submissions by plaintiffs (in its responsive correspondence dated May 28, 2008), Modern Woodmen is, thereby, precluded from later denying benefits based upon the failure to timely provide proof. (*See* Doc. 24 at ¶¶ 13-15.)
Modern Woodmen points out that plaintiffs' Complaint asserts that Mr. Parmley retired in 1999 due to his debilitating condition and died more than six years later. Modern Woodmen

Aff. Martin.) Even if the medical records supported a determination of disability, a question the court need not reach, plaintiffs cannot overcome the failure to provide proof as soon as reasonably possible, as required under the Waiver. Again, plaintiffs have not demonstrated how Ms. Gackle's further testimony will likely aid in their defense against summary judgment.

Finally, plaintiffs contend that Ms. Gackle can provide relevant testimony regarding Modern Woodmen's "obligation to service the insurance policy each year for the purpose of deciding whether or not a premium waiver is justified given a possible disability of the insured." (Doc. 24 at ¶ 16.) In their Complaint, plaintiffs allege that, at the time it issued the Policy, Modern Woodmen agreed to review Mr. Parmley's Policy with him each year to ascertain whether his insurance needs were met. (Doc. 1, Ex. A at ¶ 8.) Initially, Modern Woodmen's agent Betty Morris serviced the Policy, meeting with Mr. Parmley annually up until 1999 or 2000, when she ceased working for Modern Woodmen. (*Id.* at ¶ 9; Doc. 7-3, p. 82, Morris Statement.) According to plaintiffs, thereafter, both Mr. Parmley and Ms. Morris repeatedly contacted Modern Woodmen and requested that it provide an agent to review and service Mr. Parmley's Policy. (Doc. 1, Ex. A at ¶¶ 13-16; Doc. 7-3, pp. 83-83.) Despite their requests, and subsequent promises by then current agents, Modern Woodmen failed to provide annual service to Mr. Parmley

---

argues that "six years is not 'as soon as was reasonably possible[,]'" for the purpose of providing proof. (Doc. 25 at ¶ 3.) However, because the Policy clearly requires *proof* of disability, not merely notice, the critical inquiry is the time elapsed before Modern Woodmen received proof, which, in this case, is when plaintiffs first supplied Mr. Parmley's medical records.

through its agents, during the period following Ms. Morris's resignation and up to Mr. Parmley's death. (*Id.*) Plaintiffs contend that "had service been provided, it would have been ascertained that Mr. Parmely needed to invoke the waiver of premium disability provision." (Doc. 1, Ex. A at ¶ 16.)

Even accepting as true plaintiffs' allegations – that Modern Woodmen did not provide annual service after 2000, and that such servicing might have alerted Mr. Parmley to his need to submit proof of disability – the court finds that plaintiffs have not shown how the testimony of Ms. Gackle, related to these allegations, will enable plaintiffs to defend against summary judgment. Plaintiffs' remaining claim is for breach of contract; accordingly, as an initial matter, plaintiffs must prove the existence of a valid and binding contract. *See Campbell v. Naman's Catering, Inc.*, 842 So. 2d 654, 658 (Ala. 2002) (requiring plaintiff asserting a claim for breach of contract to prove: "1) the existence of a valid contract binding the parties in the action, 2) his own performance under the contract, 3) the defendant's nonperformance, and 4) damages"). As defendant points out, the plaintiffs have not alleged that Mr. Parmely and Modern Woodmen entered into an agreement, supported by consideration, that is separate and apart from the policy of insurance. (Doc. 22, p. 5 n.2.) Moreover, plaintiffs do not assert that the Policy expressly provided for annual service by Modern Woodmen, beyond its obligation to provide information through an Annual Report. Instead, plaintiffs allege that Modern Woodmen breached "promises of service *in connection with* contractual obligations set forth in the Policy." (Doc. 1, Ex. A at ¶ 26 [emphasis added].) However, the Certificate provides:

10

"This Certificate, the attached application for it, the Articles of Incorporation and By-Laws of the Society, constitute the entire contract[,]" and "[o]nly the National Secretary of the Society at its Home Office can modify this contract or waive any of the Society's rights or requirements." (Doc.22-3, p.16.) Where, as here, plaintiffs have not alleged fraud, an integration clause, such as the one quoted above, precludes recovery based upon breach of an extrinsic promise. *See Bussey v. John Deer Co.*, 531 So. 2d 860, 862 (Ala. 1988) (quoting *Colafrancesco v. Crown Pontiac-GMC, Inc.*, 485 So. 2d 1131 (Ala. 1986) ("[G]enerally, . . .when the parties reduce a contract to writing intended to be a complete contract regarding the subject covered by the contract, no extrinsic evidence of prior or contemporaneous agreements will be admissible to change, alter, or contradict such writing."); *see also Wood v. Phillips*, 849 So. 2d 951, 959 (Ala. 2002) ("[A] merger clause does not bar admission of parol evidence to prove fraud in the inducement of the contract . . . .") (citation omitted).

Therefore, the court finds that plaintiffs have not shown, as required by Rule 56(f), how the testimony of Ms. Gackle will enable plaintiffs to overcome the obvious absence of a contract, express or otherwise, which obligated Modern Woodmen to provide additional service related to the Policy. The Certificate makes clear that the insured bears the burden to provide proof of disability in order to invoke the Waiver provision. To impose upon Modern Woodmen the burden to inquire and discover potential disability, absent another agreement, would be to re-write the present contract between the parties. This, the court cannot do. *See Lipscomb v. Reed*, 514 So. 2d 949, 950 (Ala. 1987)

("Absent public policy considerations that dictate a contrary result, we will not ignore the express provisions of the policy, including exclusionary clauses or terms limiting the company's liability, in order to create a new contract for the parties."); *Gardner v. Union Nat. Life Ins. Co.*, 780 F. Supp. 792, 794 (M.D. Ala.1991) (citing *Monninger v. Group Ins. Serv. Ctr., Inc.,* 494 So.2d 41 (Ala. 1986) ("Where . . . there is no ambiguity in its terms, the insurance contract must be enforced as written, and the court cannot defeat express provisions by rewriting the contract nor by judicial interpretation.").

## IV.  CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiffs have not met their burden to demonstrate a specific need to conduct more discovery on the issues before the court.  Accordingly, plaintiffs' Rule 56(f) Motion with Affidavit, (doc. 24), will be denied.  The court will defer its ruling on Defendant's Motion for Summary Judgment, (doc. 21), and will allow plaintiff time to respond.  An Order denying plaintiffs' Rule 56(f) Motion will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 30th day of June, 2010.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE